**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JERZY JAREK and ADMINISTRATIVE DISTRICT COUNCIL 1 OF ILLINOIS OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, | ) ) ) ) ) | Case No. 26-CV-9033 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| 1 PER CORPORATION, OLEKSANDR DUBOVYI, R.D.Y CONSTRUCTION INC., and ROMAN MASLIY, | ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

Plaintiffs Jerzy Jarek ("Jarek") and Administrative District Council 1 of Illinois of the

International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("Union") (together

"Plaintiffs"), through their attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP,

by way of complaint against 1 Per Corporation ("1 PER"), Oleksandr Dubovyi ("Dubovyi"),

R.D.Y. Construction Inc. ("RDY"), and Roman Masliy ("Masliy") (together, "Defendants"), state

as follows:

**INTRODUCTION, JURISDICTION, AND VENUE**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL"), and the

Employee Classification Act, 820 ILCS 185/1, *et seq*. ("ECA"), and seeks recovery for

Defendants' (1) failure to pay overtime rates for hours worked in excess of 40 in a week and (2) misclassification of employees, along with other relief.

2. This Court has jurisdiction over Count I under 28 U.S.C. § 1331 as that count presents a federal question and it has jurisdiction over Counts II, III and IV under 28 U.S.C. § 1337 as those counts present claims that are so related to the claims in Count I as to present part of the same case or controversy.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the facts and events giving rise to the claims presented here occurred in this district, and because the parties to this suit reside within this district.

**PARTIES**

4. Jarek resides within this judicial district and at the relevant times was an "employee" of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e); the IMWL, 820 ILCS 105/3(d); and the ECA, 820 ILCS 185/10, and an "interested party" and "person aggrieved" within the meaning of the ECA, 820 ILCS 185/5 and 820 ILCS 185/60

5. The Union is a labor organization that maintains its principal place of business and transacts business within this judicial district and is an "interested party" within the meaning of the ECA, 820 ILCS 185/5 and 820 ILCS 185/60.

6. 1 PER is an Illinois corporation with its principal place of business in this judicial district, transacts and has transacted business within this district, and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS § 105/3(c); and the ECA, 820 ILCS § 185/5.

7. 1 PER was, at the relevant times, Jarek's "employer" within the meaning of the FLSA, the IMWL, and the ECA.

8. Dubovyi is an individual who resides and transacts business within this district and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, § 820 ILCS 105/3(c); and the ECA, 820 ILCS § 185/5.

9. Dubovyi is 1 PER's president, sole director, and, on information and belief, sole shareholder; at the times relevant to this action, he managed 1 PER's day-to-day operations; had and exercised the authority to (1) hire and fire 1 PER's employees, (2) direct and supervise the work of 1 PER's employees, and (3) make decisions regarding employee compensation and capital expenditures; and was Jarek's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the ECA, 820 ILCS 185/1 *et seq.*

10. RDY is an Illinois corporation with its principal place of business in this judicial district, transacts and has transacted business within this district, and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS § 105/3(c); and the ECA, 820 ILCS § 185/5.

11. RDY was, at the relevant times, Jarek's "employer" within the meaning of the FLSA, the IMWL, and the ECA.

12. Masliy is an individual who resides and transacts business within this district and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the ECA, 820 ILCS 185/5.

13. Masliy is RDY's president, sole director, and, on information and belief, sole shareholder; at the times relevant to this action, he managed RDY's day-to-day operations; had and has exercised the authority to (1) hire and fire the RDY's employees, (2) direct and supervise the work of RDY's employees, and (3) make decisions regarding employee compensation and

3

capital expenditures; and was Jarek's "employer" within the meaning of the FLSA, the IMWL, and the ECA.

## COMMON FACTS

14.     At all times relevant to this complaint, 1 PER, Dubovyi, RDY, and Masliy worked together to employ workers to perform masonry work and other construction work at various worksites in Illinois.

15.     Jarek is an experienced employee in the masonry trade and is a member of the Union.

16.     At the times relevant to this complaint, Defendants, as employers and/or joint employers, engaged, hired, and suffered or permitted Jarek to perform masonry work in Chicago, Illinois.

17.     On or around September 19, 2024, Jarek applied for work with Masliy as a bricklayer and on or about September 23, 2024, Masliy directed Jarek to report to work for 1 PER at a worksite located at 1626 W. Hastings, Chicago, Illinois.

18.     Dubovyi hired Jarek as a bricklayer for 1 PER at Masliy's direction on or about September 29, 2024

19.     Between approximately September 30, 2024, and approximately April 17, 2025, Jarek was directly employed by 1 PER as a bricklayer on at least three jobsites in Chicago (the "Projects").

20.     At the times relevant to this complaint, 1 PER was not licensed to perform masonry work in Chicago and did not have a permit to perform masonry work on the Projects.

4

21.     RDY was a licensed masonry subcontractor on the Projects, and on information and belief was a party to a contract or contracts with the owner, owners, general contractor, or general contractors on the Projects.

22.     On information and belief, 1 PER's employees, including Jarek, performed work on the Projects under RDY's masonry license and pursuant to RDY's permit(s).

23.     Dubovyi informed Jarek that Masliy had instructed that Jarek be paid a fixed wage rate of $38.00 an hour through a personal check and that Jarek would be responsible for paying all taxes.

24.     On information and belief, Masliy determined and established the rate and method of payment to Jarek during his work on the Projects.

25.     During his employment, Jarek was paid a fixed rate of $38.00 an hour with no deductions for federal or state taxes or for Social Security or Medicare, with no payment of the employer share of payroll taxes, and with no time and one-half for overtime.

26.     During his employment, Jarek frequently worked in excess of 40 hours a week, but he was never paid a premium rate for such work in excess of 40 hours a week.

27.     Masliy visited the Projects to direct Jarek and other 1 PER employees on numerous occasions during the time Jarek performed work on the Projects.

28.     Throughout the time that Jarek performed work on the Projects, he received direction and supervision from both Dubovyi and Masliy in ways similar to what he had encountered in previous employment and what is typical for an employer-employee relationship in the construction industry.

29.     On information and belief, RDY purchased materials for use by 1 PER and its employees on the Projects.

30.     Defendants, as employers and/or joint employers, engaged Jarek to regularly work on the Projects.

## COUNT I
### Violations of the Fair Labor Standards Act - Overtime Wages
### (Jarek v. Defendants)

31.     Jarek incorporates and realleges paragraphs 1 through 30 of this complaint as though set forth in their entirety.

32.     This count arises from Defendants' violation of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Jarek at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours during various work weeks.

33.     Jarek worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

34.     Defendants were Jarek's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

35.     During the course of his employment by Defendants, Jarek was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

36.     The Defendants directed Jarek, during the course of his employment with them, to work in excess of 40 hours in individual work weeks, and Jarek did so.

37.     Pursuant to 29 U.S.C. § 207, Jarek was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks.

38.     Defendants did not compensate Jarek at the rate of one and one-half times his regular rate for time worked in excess of 40 hours in various work weeks.

39.     Defendants' failure to pay Jarek overtime wages at a rate of one and one-half times his hourly rate of pay for all time worked in excess of 40 hours a week violated the FLSA, 29 U.S.C. § 207.

40.     Defendants' violation of the FLSA, by failing to pay Jarek overtime wages for all time worked in excess of 40 hours in individual work weeks, was willful.

WHEREFORE, Jarek asks this Court to enter judgment against Defendants, jointly and severally, as follows:

A.     Ordering them to pay him the difference between the amount equal to one and one-half times his regular rate and the amount they actually paid him for all time he worked in excess of 40 hours in a week;

B.     Ordering them to pay him liquidated damages in an amount equal to the amount of unpaid wages for which they are found liable to him;

C.     Ordering them to pay his reasonable attorneys' fees and costs of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**
**(Jarek v. Defendants)**

41.     Jarek incorporates and realleges paragraphs 1 through 30 of this complaint as though set forth in their entirety.

42.     This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1, *et seq.*, by failing to pay overtime wages to Jarek at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours during various work weeks.

43.     Defendants were Jarek's "employer[s]" as defined in the IMWL, 820 ILCS 105/3(c), and Jarek was Defendants' "employee" within the meaning of the IMWL.

44.     Pursuant to 820 ILCS 105/4a, Jarek was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks.

45.     Defendants' failure to pay Jarek overtime wages at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks violated 820 ILCS 105/4a.

WHEREFORE, Jarek asks this Court to enter judgment against Defendants, jointly and severally, as follows:

A.      Ordering them to pay him three times the difference between the amount equal to one and one-half times his regular rate and the amount they actually paid him for all time he worked in excess of 40 hours in a week;

B.      Ordering them to pay him damages of 5% of the amount of all underpayments for each month following the date of payment during which underpayments have remained unpaid;

C.      Ordering them to pay his reasonable attorneys' fees and costs of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

**COUNT III**
**Violation of the Employee Classification Act**
**(Jarek v. Defendants)**

46.     Plaintiffs incorporate and reallege paragraphs 1 through 30 of this complaint as though set forth in their entirety.

47.     This count arises from Defendants' violation of the ECA, 820 ILCS 185/1, *et seq.,* by failing to classify Jarek properly as an "employee."

48.     On information and belief, Defendants have failed to classify all or most of their other employees properly as "employees" in violations of the ECA.

49.     Defendants 1 PER and RDY are corporations that engage in "[c]onstruction" and Defendants Dubovyi and Masliy are individuals who engage in "[c]onstruction" within the

meaning of the ECA, and therefore each Defendant is a "[c]ontractor" within the meaning of that statute. 820 ILCS 185/5.

50. Defendants employed Jarek and other employees in "[c]onstruction" as defined by the ECA, 820 ILCS 185/5; and during the course of their employment, Jarek and other employees were Defendants' "employees" within the meaning of 820 ILCS 185/10.

51. Even though Jarek did not meet the requirements set forth in 820 ILCS 185/10(b) and (c) for being treated and classified as something other than an "employee," the Defendants knowingly and willfully classified and treated Jarek as a "sole proprietor" or "independent contractor" by failing to (1) comply with the requirements of the FLSA and IMWL as described in Counts I and II, (2) pay unemployment benefits on his behalf as required by Illinois law, (3) provide workers' compensation coverage for him as required by Illinois law, (4) pay the employer share of Social Security and Medicare on his behalf, and (5) provide him with other employment benefits due him.

52. On information and belief, Defendants have engaged in the same misconduct and improper classification with respect to their other employees.

53. During his employment with Defendants, Jarek was denied the benefits and rights of an "employee" under Illinois law by Defendants' misclassification scheme and therefore is an "interested party" and "person aggrieved" under the ECA, 820 ILCS 185/5 and 820 ILCS 185/60.

54. In addition to each being a "[c]ontractor" and an "[e]mployer" within the meaning of 820 ILCS 185/5, Dubovyi and Masliy are each officers of a corporation "who knowingly permit[ted] [those corporations] to violate the provisions of" the ECA within the meaning of 820 ILCS 185/63.

55. The Defendants have violated the ECA by failing to (1) classify Jarek and other employees as "employees," (2) pay them the required minimum wages, overtime wages, and other earned wages, (3) pay the employer share of Social Security and Medicare on them, and (4) pay unemployment compensation on them and cover them by workers' compensation; and unless they are restrained from doing so, they will continue to commit such violations.

56. The Defendants have acted and continue to act willfully in violating the ECA.

WHEREFORE, Jarek asks this Court to enter judgment against Defendants, jointly and severally, as follows:

A. Ordering them to pay him the difference between the amount equal to one and one-half times his regular rate and the amount they actually paid him for all time he worked in excess of 40 hours in a week;

B. Ordering them to pay him liquidated damages in an amount equal to the amount of unpaid wages;

C. Ordering them to pay the employer share of Social Security and Medicare on Jarek's wages;

C. Ordering them to pay compensatory damages to Jarek;

D. Ordering them to pay statutory damages to Jarek equal to $500 for each violation of the ECA, with respect to Jarek and all other improperly classified employees;

E. Ordering them to pay his reasonable attorneys' fees and costs of this action;

F. Ordering them to cease and desist from violating the ECA by improperly classifying employees; and

G. Granting such other and further relief as this Court deems just and proper.

### COUNT IV
### Violation of the Employee Classification Act
### (Union v. Defendants)

57. The Union incorporates and realleges paragraphs 1 through 30, and 46 through 56 of this complaint as though set forth in their entirety.

58. Even though Jarek and other unnamed employees did not meet the requirements set forth in 820 ILCS 185/10(b) and (c) for being treated and classified as something other than "employee[s]," the Defendants knowingly and willfully classified and treated them as "sole proprietors" or "independent contractors" by failing to (1) comply with the requirements of the FLSA and IMWL as described in Counts I and II, (2) pay unemployment benefits on their behalf as required by Illinois law, (3) provide workers' compensation coverage for them as required by Illinois law, (4) pay the employer share of Social Security and Medicare on their behalf, and (5) provide them with other employment benefits.

59. The Union comprises and represents employees in the masonry trade and the ability of those employees to receive fair wages and benefits, and the ability of the Union to represent those employees, are undermined by contractors such as the Defendants who gain an unfair competitive advantage over legitimate contractors, many of which have collective bargaining relationships with the Union, by misclassifying employees and avoiding the financial and work-related obligations that apply when employees are improperly classified; and the Union therefore has an interest in compliance with the ECA and is an "interested party" within the meaning of 820 ILCS 185/5.

60. The Union is also an "interested party" within the meaning of 820 ILCS 185/5 and 820 ILCS 185/60 because Jarek is a member of the Union.

61. The Defendants have violated the ECA by failing to (1) classify Jarek and other unnamed employees properly as "employees," (2) pay them the required minimum wages, overtime wages, and other earned wages, (3) pay unemployment compensation on them and cover them by workers' compensation, (4) pay the employer share of Social Security and

11

Medicare on their behalf, and (5) provide them with other employment benefits due them; and unless restrained from doing so, they will continue to commit such violations.

WHEREFORE, the Union asks this Court to enter judgment against Defendants, jointly and severally, as follows:

A. Ordering them to cease and desist from violating the ECA by improperly classifying employees; and

B. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ David P. Lichtman
David P. Lichtman

Attorney for Jerzy Jarek and
Administrative District Council 1 of Illinois of the
International Union of Bricklayers and Allied
Craftworkers, AFL-CIO

David P. Lichtman
Barry M. Bennett
DOWD, BLOCH, BENNETT,
 CERVONE, AUERBACH & YOKICH
8 S. Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361
dlichtman@laboradvocates.com
bbennett@laboradvocates.com