**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF**
**ILLINOIS SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| JERZY JAREK and ADMINISTRATIVE DISTRICT COUNCIL 1 OF ILLINOIS OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, | ) | CIVIL ACTION |
| *Plaintiffs,* | ) | Case No. 1:26-cv-09033 |
| v. | ) | |
| R.D.Y. CONSTRUCTION, INC., AND and ROMAN MASLIY | ) | |
| *Defendants*. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant, R.D.Y. CONSTRUCTION INC., and ROMAN MASLIY by and through its undersigned Counsel, Allocco, Miller & Cahill, P.C., and for their answers to the Plaintiffs' complaint, state as follows:

**JURISDICTION AND VENUE**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the Employee Classification Act, 820 ILCS 185/1, *et seq.* ("ECA"), and seeks recovery for Defendants' (1) failure t pay overtime rates for hours worked in excess of 40 in a week and (2) misclassification of employees, along with other relief.

**ANSWER**: Defendants admit the allegations in paragraph 1.

2. This court has jurisdiction over Count I under 28 U.S.C. § 1331 as that count presents a federal question and it has jurisdiction over Counts II, III, and IV under 28 U.S.C.

§ 1337 as those counts present claims that are so related to the claims in Count I as to present part of the same case or controversy.

**ANSWER**: Defendants admit the allegations in paragraph 2.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the facts and events giving rise to the claims presented here occurred in this district, and because the parties to this suit reside within this district.

**ANSWER**: Defendants admit the allegations in paragraph 3.

## PARTIES

4. Jarek resides within this judicial district and at the relevant times was an "employee" of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e); the IMWL, 820 ILCS 105/3(d); and the ECA, 820 ILCS 185/10, and an "interested party" and "person aggrieved" within the meaning of the ECA, 820 ILCS 185/5 and 820 ILCS 185/60.

**ANSWER**: Defendants admit that Jarek resides within this judicial district and deny the remaining allegations in paragraph 4.

5. The Union is a labor organization that maintains its principal place of business and transacts business within this judicial district and is an "interested party" within the meaning of the ECA, 820 ILCS 185/5 and 820 ILCS 185/60.

**ANSWER**: Defendant admits the allegations in paragraph 5.

6. 1 PER is an Illinois corporation with its principal place of business in this judicial district, transacts and has transacted business within this district, and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS § 105/3(c); and the ECA, 820 ILCS § 185/5.

**ANSWER**: Defendants are without information or knowledge sufficient to form a

belief as to whether 1 PER is an "employer" within the meaning of the FLSA, IMWL, ECLA, and ILCS.

7. 1 PER was, at the relevant times, Jarek's "employer" within the meaning of the FLSA, the IMWL, and the ECA.

**ANSWER**: Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Dubovyi is an individual who resides and transacts business within this district and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, § 820 ILCS 105/3(c); and the ECA, 820 ILCS § 185/5/.

**ANSWER**: Defendants are without information or knowledge sufficient to form a belief as to whether 1 PER is an "employer" within the meaning of the FLSA, IMWL, ECLA, and ILCS.

9. Dubovyi is 1 PER's president, sole director, and, on information and belief, sole shareholder; at the times relevant to this action, he managed 1 PER's day-to-day operations; had and exercised the authority to (1) hire and fire 1 PER's employees, (2) direct and supervise the work of 1 PER's employees, and (3) make decisions regarding employee compensation and capital expenditures; and was Jarek's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the ECA, 820 ILCS 185/1 *et seq.*

**ANSWER**: Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. RDY is an Illinois corporation with its principal place of business in this judicial district, transacts and has transacted business within this district, and is an "employer"

within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the ECA, 820 ILCS 185/5.

**ANSWER**: Defendants admit RDY has its principal place of business in this judicial district, transacts and has transacted business in this district and denies the remaining allegations in paragraph 10.

11. RDY was, at the relevant times, Jarek's "employer" within the meaning of the FLSA, the IMWL, and the ECA.

**ANSWER**: Defendants deny the allegations in paragraph 11.

12. Masily is an individual who resides and transacts business within this district and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the ECA, 820 ILCS 185/5.

**ANSWER**: Defendants admit that Masily is an individual who resides within this district and deny the remaining allegations in paragraph 12.

13. Masily is RDY's president, sole director, and on information and belief, sole shareholder; at the times relevant to this action, he managed RDY's day-to-day's operations; had and has exercised the authority to (1) hire and fire the RDY's employees, (2) direct and supervise the work of RDY's employees, and (3) make decisions regarding employee compensation and capital expenditures; and was Jarek's "employer" within the meaning of the FLSA, the IMWL, and the ECA.

**ANSWER**: Defendants deny Masily was Jarek's "employer" within the meaning of the FLSA, the IMWL, and the ECA and admit all other allegations in paragraph 13.

14. At all times relevant to this complaint, 1 PER, Dubovyi, RDY, and Masliy worked together to employ workers to perform masonry work and other construction work

various worksites in Illinois.

**ANSWER**: Defendants deny the allegations in paragraph 14.

15. Jarek is an experienced employee in the masonry trade and is a member of the Union.

**ANSWER**: Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. At the times relevant to this complaint, Defendants, as employers and/or joint employers, engaged, hired, and suffered or permitted Jarek to perform masonry work in Chicago, Illinois.

**ANSWER**: Defendants deny the allegations in paragraph 16.

17. On or around September 19, 2024, Jarek applied for work with Masliy as a bricklayer and on or about September 23, 2024, Masliy directed Jarek to report to work for 1 PER at a worksite located at 1626 W. Hastings, Chicago, Illinois.

**ANSWER**: Defendants deny the allegations in paragraph 17.

18. Dubovyi hired Jarek as a bricklayer for 1 PER at Masliy's direction on or about September 29, 2024.

**ANSWER**: Defendants deny the allegations in paragraph 18.

19. Between approximately September 30, 2024, and approximately April 17, 2025, Jarek was directly employed by 1 PER as a bricklayer on at least three jobsites in Chicago (the "Projects").

**ANSWER**: Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. At the times relevant to this complaint, 1 PER was not licensed to perform

masonry work in Chicago and did not have a permit to perform masonry work on the Projects.

**ANSWER**: Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. RDY was a licensed masonry subcontractor on the Projects, and on information and belief was a party to a contract or contracts with the owner, owners, general contractor, or general contractors on the Projects.

**ANSWER**: Defendants admit that RDY was a licensed masonry subcontractor, and deny all other allegations in paragraph 21.

22. On information and belief, 1 PER employees, including Jarek, performed work on the Projects under RDY's masonry license and pursuant to RDY's permit(s).

**ANSWER**: Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Dubovyi informed Jarek that Masliy had instructed that Jarek be paid a fixed wage rate of $38.00 an hour through a personal check and that Jarek would be responsible for paying all taxes.

**ANSWER**: Defendants deny all allegations in paragraph 23.

24. On information and belief, Masliy determined and established the rate and method of payment to Jarek during his work on the Projects.

**ANSWER**: Defendants deny the allegations in paragraph 24.

25. During his employment, Jarek was paid a fixed rate of $38.00 an hour with no deductions for federal or state taxes or for Social Security or Medicare, with no payment of the employer share of payroll taxes, and with no time and one-half for overtime.

**ANSWER**: Defendants are without information or knowledge sufficient to form a

belief as to the truth of the allegations in paragraph 25.

26. During his employment, Jarek frequently worked in excess of 40 hours a week, but he was never paid a premium rate for such work in excess of 40 hours a week.

**ANSWER**: Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Masliy visited the Projects to direct Jarek and other 1 PER employees on numerous occasions during the time Jarek performed work on the Projects.

**ANSWER:** Defendants deny the allegations in paragraph 27.

28. Throughout the time that Jarek performed work on the Projects, he received direction and supervision from both Dubovyi and Masliy in ways similar to what he had encountered in previous employment and what is typical for an employer-employee relationship in the construction industry.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. On information and belief, RDY purchased materials for use by 1 PER and its employees on the Projects.

**ANSWER**: Defendants deny the allegations in paragraph 29.

30. Defendants, as employers and/or joint employers, engaged Jarek to regularly work on the Projects.

**ANSWER**: Defendants deny the allegations in paragraph 30.

**COUNT 1**
**Violations of the Fair Labor Standards Act – Overtime Wages**
**(Jarek v. Defendants)**

31. Jarek incorporates and realleges paragraphs 1 through 30 of this complaint

as though set forth in their entirety.

**ANSWER**: Defendants restate their answers in paragraphs 1 through 30.

32. This count arises from Defendants' violation of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Jarek at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours during various work weeks.

**ANSWER**: Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Jarek worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §(e)(1).

**ANSWER**: Defendants deny the allegations in paragraph 33.

34. Defendants were Jarek's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER**: Defendants deny the allegations in paragraph 34.

35. During the course of his employment by Defendants, Jarek was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER**: Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. The Defendants directed Jarek, during the course of his employment with them to work in excess of 40 hours in individual work weeks, and Jarek did so.

**ANSWER**: Defendants deny the allegations in paragraph 36.

37. Pursuant to 29 U.S.C. § 207, Jarek was entitled to be compensated at a rate of one and one-half times his regularly hourly rate of pay for all time worked in excess of 40 hours in individual work weeks.

**ANSWER**: Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Defendants did not compensate Jarek at the rate of one and one-half times his regular rate for time worked in excess of 40 hours in various work weeks.

**ANSWER**: Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Defendants' failure to pay Jarek overtime wages at a rate of one and one-half times his hourly rate of pay for all time worked in excess of 40 hours a week violated the FLSA 29 U.S.C. § 207.

**ANSWER**: Defendants deny the allegations in paragraph 39.

40. Defendants' violation of the FLSA, by failing to pay Jarek overtime wages for all time worked in excess of 40 hours in individual work weeks, was willful.

**ANSWER**: Defendants deny the allegations in paragraph 40.

**COUNT II**
**Violation fo the Illinois Minimum Wage Law – Overtime Wages**
**(Jarek v. Defendants)**

41. Jarek incorporates and realleges paragraphs 1 through 30 of this complaint as though set forth in their entirety.

**ANSWER**: Defendants restate their answers to paragraphs 1 through 30.

42. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1, *et seq.,* by failing to pay overtime wages to Jarek at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours during various work weeks.

**ANSWER**: Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 42.

43. Defendants were Jarek's "employer[s]" as defined in the IMWL, 820 ILCS 105/3(c), and Jarek was Defendants' "employee" within the meaning of the IMWL.

**ANSWER**: Defendants deny the allegations in paragraph 43.

44. Pursuant to 820 ILCS 205/4a, Jarek was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45. Defendants' failure to pay Jarek overtime wages at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks violated 820 ILCS 105/4a.

**ANSWER**: Defendants deny the allegations in paragraph 45.

**COUNT III**
**Violation of the Employee Classification Act**
**(Jarek v. Defendants)**

46. Plaintiffs incorporate and reallege paragraphs 1 through 30 of this complaint as though set forth in their entirety.

**ANSWER**: Defendants restate their answers to paragraphs 1 through 30.

47. This count arises from Defendants' violation of the ECA, 820 ILCS 185/1, *et seq.*, by failing to classify Jarek properly as an "employee."

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. On information and belief, Defendants have failed to classify all or most of

their other employees properly as "employees" in violation of the ECA .

**ANSWER**: Defendants deny the allegations in paragraph 48.

49. Defendants 1 PER and RDY are corporations that engage in "[c]onstruction" and Defendants Dubovyi and Masliy are individuals who engage in "[c]onstruction" within the meaning of the ECA, and therefore each Defendant is a "[c]ontractor" within the meaning of that statute. 820 ILCS 185/5.

**ANSWER**: Defendants admit that RDY is a corporation that engages in construction and is a contractor within the meaning of the ECA and deny the remaining allegations in paragraph 49.

50. Defendants employed Jarek and other employees in "[c]onstruction" as defined by the ECA, 820 ILCS 185/5; and during the course of their employment, Jarek and other employees were Defendants' "employees" within the meaning of 820 ILCS 185/10.

**ANSWER**: Defendants deny the allegations in paragraph 50.

51. Even though Jarek did not meet the requirements set forth in 820 ILCS 185/10(b) and (c) for being treated and classified as something other than an "employee," the Defendants knowingly and willingly classified and treated Jarek as a "sole proprietor" or "independent contractor" by failing to (1) comply with the requirements of the FLSA and IMWL as described in Counts I and II, (2) pay unemployment benefits on his behalf as required by Illinois law, (3) provide workers' compensation coverage for him as required by Illinois law, (4) pay the employer share of Social Security and Medicare on his behalf, and (5) provide him with other employment benefits due him.

**ANSWER**: Defendants deny the allegations in paragraph 51.

52. On information and belief, Defendants have engaged in the same

misconduct and improper classification with respect to their other employees.

**ANSWER**: Defendants deny the allegations in paragraph 52.

53. During his employment with Defendants, Jarek was denied the benefits and rights of an "employee" under Illinois law by Defendants' misclassification scheme and therefore is an "interested party" and "person aggrieved" under the ECA, 820 ILCS 185/5 and 820 ILCS 185/60.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54. In addition to each being a "[c]ontractor" and an "[e]mployer" within the meaning of 820 ILCS 185/5, Dubovyi and Masliy are each officers of a corporation "who knowingly permit[ted] [those corporations] to violate the provisions of" the ECA within the meaning of 820 ILCS 185/63.

**ANSWER**: Defendants deny the allegations in paragraph 54.

55. The Defendants have violated the ECA by failing to (1) classify Jarek and other employees as "employees," (2) pay them the required minimum wages, overtime wages, and other earned wages, (3) pay the employer share of Social Security and Medicare on them, and (4) pay unemployment compensation on them and cover them by workers' compensation; and unless they are restrained from doing so, they will continue to commit such violations.

**ANSWER**: Defendants deny the allegations in paragraph 55.

56. The Defendants have acted and continue to act willfully in violating the ECA.

**ANSWER**: Defendants deny the allegations in paragraph 56.

**COUNT IV**
**Violation of the Employee Classification Act**
**(Union v. Defendants)**

57. The Union incorporates and realleges paragraphs 1 through 30, and 46 through 56 of this complaint as though set forth in their entirety.

**ANSWER**: Defendants restate their answers to paragraphs 1 through 30.

58. Even though Jarek and other unnamed employees did not meet the requirements set forth in 820 ILCS 185/10(b) and (c) for being treated and classified as something other than "employee[s]," the Defendants knowingly and willfully classified and treated them as "sole proprietors" or "independent contractors" by failing to (1) comply with the requirements of the FLSA and IMWL as described in Count I and II, (2) pay unemployment benefits on their behalf as required by Illinois law, (3) provide workers' compensation coverage for them as required by Illinois law, (4) pay the employer share of Social Security and Medicare on their behalf, and (5) provide them with other employment benefits.

**ANSWER**: Defendants deny the allegations in paragraph 58.

59. The Union comprises and represents employees in the masonry trade and the ability of those employees to receive fair wages and benefits, and the ability of the Union to represent those employees, are undermined by contractors such as the Defendants who gain an unfair competitive advantage over legitimate contractors, many of which have collective bargaining relationships with the Union, by misclassifying employees and avoiding the financial and work-related obligations that apply when employees are improperly classified; and the Union therefore has an interest in compliance with the ECA and is an "interested party" within the meaning of 820 ILCS 185/5.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60. The Union is also an "interested party" within the meaning of 820 ILCS 185/5 and 820 ILCS 185/60 because Jarek is a member of the Union.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61. The Defendants have violated the ECA by failing to (1) classify Jarek and other unnamed employees properly as "employees," (2) pay them the required minimum wages, overtime wages, and other earned wages, (3) pay unemployment compensation on them and cover them by workers' compensation, (4) pay the employer share of Social Security and Medicare on their behalf, and (5) provide them with other employment benefits due them; and unless restrained from doing so, they will continue to commit such violations.

**ANSWER**: Defendants deny the allegations in paragraph 61.

Dated: August 26, 2026,

Respectfully submitted,

R.D.Y CONSTRUCTION, INC., and
ROMAN MASLIY

By: /s/ Todd A. Miller
Attorney for Defendant

Todd A. Miller (ARDC #6216561)
Kathleen M. Cahill (ARDC #6269486)
**Allocco, Miller, & Cahill P.C.**
*Attorney for Defendant*
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on today's date, **August 26, 2026**, he served a copy of **Defendant's Answer to Plaintiffs' Complaint** via CM/ECF to the Plaintiff's counsel at the email/address below:

David P. Lichtman
Barry M. Bennett
Dowd, Bloch, Bennett, Cervone,
Auerbach & Yokich
8 S. Michigan Avenue, 19th Floor
Chicago, IL 60603
(312) 372-1361
bbennett@laboradvocates.com

/s/ Todd A. Miller
Attorney for Defendant
**Allocco, Miller, & Cahill P.C.**
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com
State Bar no. 6216561