**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JERZY JAREK and ADMINISTRATIVE DISTRICT COUNCIL 1 OF ILLINOIS OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, | ) | Case No. 26 CV 09033 |
| Plaintiffs, | ) | Honorable Franklin U. Valderrama |
| v. | ) | |
| 1 PER CORPORATION, OLEKSANDR DUBOVYI, R.D.Y CONSTRUCTION INC., and ROMAN MASLIY, | ) | |
| Defendants. | ) | |

**INITIAL JOINT STATUS REPORT**

Plaintiffs Jerzy Jarek ("Jarek") and Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("Union") (together "Plaintiffs"), and Defendants R.D.Y. Construction Inc. ("RDY"), and Roman Masliy ("Masliy") (together, "RDY Defendants"), respectfully submit the following as their initial status report:

**I. Nature of the Case.**

**A. Plaintiffs' Attorneys**

David P. Lichtman
Barry M. Bennett (lead trial attorney)
Dowd, Bloch, Bennett,
Cervone, Auerbach & Yokich, LLP.
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60605
(312) 372-1361

**RDY Defendants' Attorney**

Todd Miller (lead trial attorney)

Allocco, Miller & Cahill P.C.
20 N. Wacker Dr., Suite 3517
Chicago, IL 60606
(312) 675-4325

**B. Jurisdiction**

Federal jurisdiction exists over Count I (FLSA) pursuant to 28 U.S.C. § 1331, and federal jurisdiction exists over Count II (IMWL), III (ECA), and IV (ECA) pursuant to 28 U.S.C. § 1367.

**C. Overview of Case**

The case involves claims of wage and employee misclassification violations by Plaintiffs against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. ("IMWL"), and the Employee Classification Act, 820 ILCS 185/1 ("ECA").

**D. Nature of Claims**

Plaintiffs allege that the Defendants (1) violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") (Count I), and the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. ("IMWL") (Count II), by failing to pay Plaintiff Jerzy Jarek overtime compensation equal to one and one-half times his regular rate of pay for work over 40 hours a week through his employment; and (2) improperly classified Jarek and other employees as independent contractors in violation of the Employee Classification Act, 820 ILCS 185/1 ("ECA") (Count III and IV).

There are no counterclaims or affirmative defenses.

**E. Principal Legal and Factual Issues**

Defendants RDY and Masily ("RDY Defendants") have answered Plaintiffs' Complaint. RDY Defendants deny that they were Plaintiff Jarek's "employer" within the meaning of the

FLSA, IMWL, and ECA, and that they are liable under the statutes.

The principal legal issues are (1) whether Defendants, including RDY Defendants, are each liable under the FLSA, IMWL, and ECA, as Jarek's employers and/or joint employers, (2) whether other individuals who performed work for Defendants were "employees" within the meaning of the ECA, and (3) the amount of Plaintiff Jarek's damages.

The principal factual issues are (1) the nature and extent of Defendants' activities and authority over the work performed by Jarek and other workers; (2) the number of occasions on which Jarek worked more than 40 hours in a week and the number of hours over 40 he worked in each such week; (3) the number of occasions on which Jarek was paid for his work on construction projects by Defendants; (4) the number of workers other than Jarek whom Defendants classified as independent contractors, the nature of the work performed by each of those workers and the manner in which they performed that work, and the frequency and manner in which Defendants paid those workers.

**G. Relief Sought**

Plaintiffs seek (i) payment to Jarek for the wages he lost as a result of not receiving the proper rate of pay for work over 40 hours in any week of his employment; (ii) liquidated damages, statutory damages, and compensatory damages as provided in the FLSA and the IMWL for Jarek; (3) statutory damagers for Jarek and all persons similarly situated for each violation of the ECA based on the number of payments made to each improperly classified employee within the statutory period; (iv) entry of an order prohibiting Defendants from committing further violations of the FLSA, IMWL, and ECA; and (v) reimbursement of legal fees and costs under the FLSA, IMWL, and ECA.

Jarek estimates that he worked approximately 100 undercompensated overtime hours,

with lost wages totaling approximately $1,900, and total damages of approximately $5,700. Jarek alleges that the total damages will increase as the 5% per month IMWL penalties continue to accrue. Jarek estimates that he received 14 payments during the course of his employment and is therefore entitled to $7,000 in statutory damages under 820 ECA 185/60(a)(2), measured at $500 for each violation of the ECA. Plaintiffs estimate the extent of the statutory damages under the ECA based on Defendants' misclassification of other persons similarly situated to Jarek to be approximately $350,000. Plaintiffs' attorney's fees and costs are currently estimated to be $ $28,000 and continue to accrue.

### H. Service of Process

Plaintiffs have not been able to serve Defendant Oleksandr Dubovyi. Plaintiffs have served Defendant 1 PER Corporation through the Secretary of Service in accordance with the Business Corporation Act of 1983, 805 ILCS 5/5.25, as addressed in Plaintiffs' contemporaneously filed individual status report. Defendant 1 PER Corporation has not appeared in this case.

## II. Discovery

**A. Proposed discovery schedule**. Plaintiffs and RDY Defendants respectfully request that the Court defer setting a discovery schedule for an additional 60 days so as to allow Plaintiffs additional time to effect service of process on Defendant Dubovyi with the aim of avoiding the establishment of separate discovery schedules if and when Defendant Dubovyi is served. Because the claims against the Defendants are related, a coordinated discovery schedule applicable to all Defendants would promote judicial economy and the efficient use of the parties' resources.

If the Court declines to defer discovery pending service on Dubovyi, Plaintiffs and the RDY Defendants propose the following schedule

| **Event** | **Deadline** |
|---|---|
| Initial Discovery Responses | Not applicable. |
| Amendment to the pleadings | May 14, 2027 |
| Service of process on any "John Does" | Not applicable. |
| Completion of Fact Discovery | May 14,2027 |
| Disclosure of Plaintiff's Expert Report(s) | Not applicable |
| Deposition of Plaintiff's Expert | Not applicable |
| Disclosure of Defendant's Expert Report(s) | Not applicable |
| Deposition of Defendant's Expert | Not applicable |
| Dispositive Motions | August 14, 2027 |

**B.** **Number of Depositions**. Plaintiffs anticipate taking up to six depositions. Defendants anticipate taking up to five depositions.

**C.** **Special Issues During Discovery**. None

**D.** **Rule 26(f)(3) Discovery Plan.** The parties make no proposals concerning Rule 26(f)(3) topics.

**III.** **Trial.** Plaintiffs did not request a jury trial and the parties estimate the probable length of trial to be four days.

## IV. Settlement, Referrals, and Consent.

Counsel have advised the parties that they may proceed before a Magistrate Judge. The parties do not unanimously consent to proceed before a magistrate judge for all purposes at this time. The parties have engaged in settlement discussions. Plaintiffs have made a written settlement demand. Defendants have not yet responded in writing. The parties do not request a settlement conference.

Dated: October 14, 2026

Respectfully submitted,

/s/ David P. Lichtman
David P. Lichtman
Barry M. Bennett
Dowd, Bloch, Bennett,
Cervone, Auerbach & Yokich, LLP.
8 South Michigan Avenue,
19th Floor
Chicago, Illinois 60605
(312) 372-1361
dlichtman@laboradvoctes.com
bbennett@laboradvocates.com

*Counsel for Plaintiffs*

/s/ Todd A. Miller
Todd Miller (lead trial attorney)
Allocco, Miller & Cahill P.C.
20 N. Wacker Dr., Suite 3517
Chicago, IL 60606
(312) 675-4325

*Counsel for Defendants*
*R.D.Y Construction Inc. and Roman Masliy*